UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL VALENTIN,

                    *Plaintiff,*

        -against-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., AND CITIBANK, N.A.,

                    *Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Rafael Valentin ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Citibank, N.A. ("Citibank" or the "Furnisher Defendant"), and against Defendants Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in New York, NY.

6. Defendant Citibank is a New York entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

9. Plaintiff was the victim of identity theft in connection with a Home Depot credit card issued by Defendant Citibank (hereinafter the "Citibank Account").

10. As a result of this identity theft, an unauthorized individual used the Citibank Account to make a series of fraudulent purchases, which then were published on Plaintiff's Experian and Equifax credit reports (the fraudulent charges and any record of those charges being unpaid are the "Inaccurate Fraudulent Charges").

11. Plaintiff disputed the Inaccurate Fraudulent Charges to both Experian and Equifax, as described herein, and both of those Defendants failed to conduct reasonable reinvestigations of Plaintiff's disputes, resulting in the Inaccurate Fraudulent Charges continuing to be inaccurately reported in Plaintiff's credit file.

12. Experian and Equifax each published the Inaccurate Fraudulent Charges to at least one entity after Plaintiff disputed the Inaccurate Fraudulent Charges. This publication defamed Plaintiff, thereby:

   a. Giving at least one entity the false impression that Plaintiff was a poor credit risk.

   b. Impugning Plaintiff's reputation and character.

*Experian Dispute*

13. On or around March 14, 2025, Plaintiff disputed the Inaccurate Fraudulent Charges to Experian ("Experian Dispute").

14. Upon information and belief, Experian notified Citibank about the Experian Dispute.

15. After Plaintiff's dispute and upon information and belief, Citibank verified to Experian that the Inaccurate Fraudulent Charges were reporting accurately even though Citibank could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

16. Experian, in turn, continued to report the disputed Inaccurate Fraudulent Charges even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

*Equifax Dispute*

17. On or around March 14, 2025, Plaintiff disputed the Inaccurate Fraudulent Charges to Equifax ("Equifax Dispute").

18. Upon information and belief, Equifax notified Citibank about the Equifax Dispute.

19. After Plaintiff's dispute and upon information and belief, Citibank verified to Equifax that the Inaccurate Fraudulent Charges were reporting accurately even though Citibank could not,

had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

20. Equifax, in turn, continued to report the disputed the Inaccurate Fraudulent Charges even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

*Damages*

21. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

22. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

23. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

24. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of physical symptoms, including headaches.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

25. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

26. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY CITIBANK, N.A.**
**(FURNISHER DEFENDANT)**

27. Because of its unlawful reporting and verification of the Inaccurate Fraudulent Charges, Furnisher Defendant Citibank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a.  failing to conduct reasonable investigations of Plaintiff's disputes of the Inaccurate Fraudulent Charges reporting on Plaintiff's Experian and Equifax credit reports after, upon information and belief, Citibank received notice of Plaintiff's disputes from Experian and Equifax;

    b.  failing to review all relevant information provided to Citibank by both Experian and Equifax concerning Plaintiff's disputes of the Inaccurate Fraudulent Charges;

    c.  failing to promptly modify, delete, or permanently block any and all information about the disputed Inaccurate Fraudulent Charges that Citibank, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d.  falsely representing to both Experian and Equifax that Plaintiff was responsible

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

for the Inaccurate Fraudulent Charges.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY EQUIFAX INFORMATION SOLUTIONS, LLC AND EXPERIAN INFORMATION SERVICES, INC. (CONSUMER REPORTING AGENCIES)

*Violations of FCRA § 1681e(b)*

28. Experian and Equifax each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian and Equifax did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Inaccurate Fraudulent Charges.

*Violations of FCRA § 1681i*

29. Experian and Equifax each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Inaccurate Fraudulent Charges after Plaintiff disputed their accuracy to determine whether the Inaccurate Fraudulent Charges were accurately reporting.

30. Experian and Equifax each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Inaccurate Fraudulent Charges.

31. Experian and Equifax each violated FCRA § 1681i(a)(5) by failing to promptly delete the Inaccurate Fraudulent Charges from their respective consumer files for Plaintiff despite the fact that Experian and Equifax, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable

relief against Defendants:

1.  Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2.  Such other and further relief as may be necessary, just, and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ James R. Ticchio*
James R. Ticchio
**Sherman & Ticchio PLLC**
james@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874